UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **JESSIE MAE DAVIS,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) ) CIVIL ACTION NO.: :05-00995 |
| **AMERICAN INTERNATIONAL GROUP, INC.; AMERICAN GENERAL CORPORATION; AMERICAN GENERAL FINANCIAL SERVICES OF ALABAMA, INC.; MERIT LIFE INSURANCE COMPANY; YOSEMITE INSURANCE COMPANY; ALICIA ROBINSON; PATRICIA PORTER; and Fictitious Defendants "A", "B", and "C", whether singular or plural, those other persons, corporations, firms, or other entities whose wrongful conduct caused the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| **Defendants.** | |

**SPECIAL APPEARANCE – MOTION TO DISMISS
BY DEFENDANTS AMERICAN INTERNATIONAL GROUP, INC.
AND AMERICAN GENERAL CORPORATION**

Defendants American International Group, Inc. ("AIG") and American General Corporation ("AGC"), appearing specially to contest personal jurisdiction, hereby move this Court to dismiss AIG and AGC as parties to this civil action due to this Court's lack of personal jurisdiction over Defendants AIG and AGC.[1]  In support of this motion, the defendants state as follows:

---

[1] In so doing, AIG and AGC do not waive and specifically preserve their defense of failure to state a claim upon which relief can be granted, as well as other defenses pursuant to Rule 12 of the Federal Rules of Civil Procedure.

01243259.1

- 2 -

## CORPORATE STRUCTURE

AIG is a publicly traded, parent company with several subsidiary corporations. AGC, one such wholly-owned subsidiary of AIG, is a holding company for several subsidiary corporations, including American General Finance, Inc. ("AGF"). AGF, in turn, is a parent company of American General Finance Corporation ("AGFC") and Defendant American General Financial Services of Alabama, Inc. ("AGFSA"). AGFC is the parent company of Defendants Merit Life Insurance Company ("Merit Life") and Yosemite Insurance Company ("Yosemite"). AIG, AGC and the other named corporate defendants are separate, distinct corporate entities. Their principal places of business are located in different states, each pursuing distinct corporate purposes. Contrary to the assertions of Plaintiff, AIG and AGC do not use any of the other corporate defendants as an alter-ego.

## FACTS[2]

Plaintiff's Complaint names AIG, AGC and certain AGF companies as Defendants to this action. The Complaint, however, fails to distinguish between these corporate entities or to specify what acts or omissions by AIG and AGC entitle Plaintiff to the relief sought. All allegations in the Complaint center around the Plaintiff's purchase of credit insurance and the Plaintiff's decision to refinance and/or consolidate her outstanding debts/loans. As stated herein, Defendants AIG and AGC do not issue insurance policies or offer financial services. Thus, AIG and AGC have no relationship, contractual or otherwise, with the Plaintiff.

Both AIG and AGC do not have sufficient minimum contacts with the state of Alabama for this Court to exercise personal jurisdiction. Neither of these corporate entities has ever engaged in any conduct, persistent or occasional, with consumers in Alabama. AIG and AGC are not, and have never been, qualified or licensed to do business in Alabama. They do not

---

[2] AIG and AGC will submit affidavits in support of this factual statement.

- 2 -

01243259.1

transact or conduct business in Alabama and they have never performed any services or sold any products in Alabama. No employees, officers, servants and/or agents of AIG and AGC are located in Alabama. No office, street address, mailing address, telephone listing, or bank account can be found for these companies in Alabama. Finally, neither of these defendants uses, possesses or has an interest in real or personal property located in Alabama.

### ARGUMENT

In order to survive a Motion to Dismiss based upon lack of jurisdiction, a plaintiff must demonstrate a prima facie case of personal jurisdiction, which requires a presentation of evidence sufficient to withstand a motion for directed verdict. *Cable/Home Communications v. Network Productions, Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). Alabama Rule of Civil Procedure 4.2(b) sets forth the basis for obtaining personal jurisdiction over nonresident defendants in Alabama. The plaintiff bears the "burden of establishing by the evidence the jurisdiction of the Court over [a defendant challenging personal jurisdiction]." *See Beasley v. Schluesser*, 519 So. 2d 551, 553 (Ala. Civ. App. 1987), citing *Tetco Metal Products, Inc. v. Langham*, 387 F.2d 721 (5th Cir. 1968). A court's exercise of jurisdiction over a non-resident defendant demands that "the defendant have such contacts with Alabama that it 'should reasonably anticipate being haled into court [here].'" *See Ex parte Troncalli Chrysler Plymouth Dodge, Inc.*, 876 So. 2d 459, 463 (quoting *Ex parte Dill, Dill, Carr, Stonbraker & Hutchings, P.C.*, 866 So. 2d 519, 525 (Ala. 2003) (internal citations omitted)).

Jurisdiction over an out-of-state defendant may be either general or specific, depending on the type of contacts the defendant has with the state. *Leventhal v. Harrelson*, 723 So. 2d 566, 569 (Ala. 1998). A court may exercise general jurisdiction over an out-of-state defendant if that defendant's contacts with the state are "'continuous and systematic,' regardless of whether those activities gave rise to the lawsuit[.]" *Ex parte Dill*, 866 So. 2d at 525 (citations omitted).

- 3 -

01243259.1

Limited contact with the state will allow a court to exercise specific jurisdiction over an out-of-state defendant, but only if "those contacts gave rise to the lawsuit." *Id.*

It is important to note, however, that even if minimum contacts are found, due process mandates a further consideration of whether it is fair to force a defendant to litigate in a foreign forum. *See Madara v. Hall,* 916 F.2d 1510, 1517 (11th Cir. 1990); *Cable/Home Communication v. Network Productions, Inc.,* 902 F.2d 829, 857 (11th Cir. 1990). Indeed, in analyzing whether the maintenance of the suit offends "traditional notions of fair play and substantial justice," *International Shoe v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940), reh'g denied, 312 U.S. 712 (1941)), one federal court sitting in Alabama stated that a court should:

> examine the nature of the defendant's contacts with the forum in light of additional factors, including the burdens on the defendant of litigating in the foreign forum; the interests of the forum state in overseeing the litigation; the interests of the plaintiff in effecting substantial relief; the interests of the interstate judicial system in economic dispute resolution; and the joint interest of the states in promoting basic social policies.

*Butler v. Beer Across America*, 83 F.Supp. 2d 1261, 1265 (N.D. Ala. 2000). These additional factors may operate to defeat alleged personal jurisdiction even in the face of evidence of otherwise sufficient, purposeful connections between the defendant and the forum state. *Id.; see also Burger King v. Rudzewicz,* 471 U.S. 462, 477 (1985).

In this case, AIG and AGC lack minimum contacts with the state of Alabama required for this Court to exercise personal jurisdiction over it. The foreseeability that is critical to due process analysis centers on whether the defendant's conduct with respect to the forum state is such that the defendant should reasonably anticipate being haled into court there. *Ex parte Dill*, 866 So. 2d at 525. Whether it is foreseeable that a defendant can be sued in a particular state can be established only by proof that the defendant has "purposely directed" its activities toward

the forum state. *Id.* (citing *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 112 (1987)).  In this sense, the Due Process Clause ensures "a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

In the present case, AIG and AGC have absolutely no contacts with the state of Alabama, much less the requisite minimum contacts that are necessary to confer either general or specific personal jurisdiction.  Neither AIG nor AGC has ever conducted business in Alabama, much less on a continuous or systematic basis.  Because these corporate entities do not transact or conduct business in Alabama, neither has ever maintained a corporate presence in Alabama, including an office, street address, mailing address, telephone listing, or bank account.  AIG and AGC have never requested, nor been issued, any certificate from the state of Alabama authorizing or qualifying them to transact business in this State.  No employee, officer, servant, or agent of AIG or AGC has ever performed services or sold products in Alabama.

AIG's only connection to this civil action is that it is the parent corporation.  Similarly, AGC's only connection to this civil action is that it is a parent corporation of AGF, which, in turn, is a parent company of AGFC and Defendant AGFSA.  As stated earlier, AGFC is the immediate parent company of Defendants Merit Life and Yosemite.  It is well-established that, except in extremely unusual circumstances that are not present here, personal jurisdiction cannot be established over a parent company on the basis of the acts of its subsidiary. *See Ex parte AmSouth Bank*, 669 So. 2d 154, 156 (Ala. 1995) (noting that a parent corporation will not be liable for the acts of its subsidiary unless the subsidiary corporation is "a mere adjunct, instrumentality, or alter ego of the parent corporation") (citations omitted); *see also Dickson Marine, Inc. v. Panalpina, Inc.,* 179 F.3d 331, 338 (5th Cir. 1999) ("Courts have long presumed

01243259.1

the institutional independence of related corporations, such as parent and subsidiary, when determining if one corporation's contacts with a forum can be the basis of a related corporation's contacts"); *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1363 (5th Cir. 1990) ("[T]he mere existence of a parent-subsidiary relationship will not support the assertion of jurisdiction over a foreign parent."); *Schwartz v. Electronic Data Systems, Inc.*, 913 F.2d 279, 283 (6th Cir. 1990) ("When a subsidiary chooses to be incorporated separately from its parent, for whatever reason, it is treated as an independent entity for purposes of determining federal court jurisdiction.").

At all times relevant hereto, AIG and AGC have not participated in the day-to-day management or operation of the other named defendants to this suit. Specifically, AIG and AGC do not control the activities of defendants Robinson and Porter. Each subsidiary is directly responsible for hiring, training and supervising its employees and agents.

With respect to the transactions at issue in this civil action, AIG and AGC have never entered into a contractual agreement or financial transaction with the Plaintiff. These corporate entities are not in the business of selling insurance, have never issued a policy of credit insurance to Plaintiff, and have never collected a premium payment from, or on the behalf of, the Plaintiff. Moreover, AIG and AGC do not offer debt consolidation/refinancing services.

Because AIG and AGC do not have sufficient minimum contacts for this Court to exercise either specific or general personal jurisdiction over these two corporate defendants, it is not necessary for the Court to address whether the assertion of personal jurisdiction would comport with "fair play and substantial justice." However, if the Court were to address this issue, it would also serve as a basis for declining to exercise personal jurisdiction over AIG and AGC. Since AIG and AGC's principal places of business are in New York, New York, and Houston, Texas, respectively, and all of their resources, employees, officers, directors, and facilities are located in these states, the burden placed upon these corporate entities by forcing

01243259.1

- 7 -

them to litigate in Alabama would be great. Thus, the exercise of personal jurisdiction over AIG and AGC would not comport with traditional notions of fair play and substantial justice. For these reasons, the Court should dismiss AIG and AGC as party-defendants to this civil action due to lack of personal jurisdiction.

## CONCLUSION

The Plaintiff's inclusion of AIG and AGC as named defendants in this civil action is improper. The Complaint fails to specify any independent conduct on the part of AIG or AGC that would make either entity liable to the Plaintiff. The Complaint fails to recognize the separate corporate existences of AIG, AGC and their subsidiaries. Furthermore, AIG and AGC do not have sufficient minimum contacts with the state of Alabama to subject them to this Court's jurisdiction.

WHEREFORE, Defendants AIG and AGC respectfully request this Court to enter an order dismissing them with prejudice as party-defendants to this civil action.

                Respectfully submitted by,

                /s/ John Thomas A. Malatesta
                Jeffrey M. Grantham (ASB-4866-M66J)
                Thomas J. Butler (ASB-7790-T75T)
                John Thomas A. Malatesta, III (ASB-4646-O70M)
                Attorneys for Defendants American International Group, Inc. and American General Corporation

OF COUNSEL:
**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
2400 AmSouth Harbert Plaza
Birmingham, AL 35203-2618
Telephone: 205.254.1000
Fax: 205.254.1999

01243259.1

- 8 -

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing has been served upon the following listed person by U. S. Mail, postage prepaid, on this the 20th day of October, 2005:

C. Lance Gould, Esq.
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
272 Commerce Street
Montgomery, AL 36104

David Alan Elliott, Esq.
BURR & FORMAN LLP
SouthTrust Tower, Suite 3100
420 20th Street, North
Birmingham, AL 35203

                                              /s/ John Thomas A. Malatesta
                                              OF COUNSEL