## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| JESSIE MAE DAVIS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 3:05-cv-00995-** |
| | ) | **MHT-CSC** |
| AMERICAN INTERNATIONAL GROUP, INC.; | ) | |
| et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION TO REMAND FOR THE PURPOSE OF CONDUCTING REMAND-RELATED DISCOVERY

**COME NOW** Defendants American General Financial Services of Alabama, Inc. ("American General"); Merit Life Insurance Company; and Yosemite Insurance Company (hereinafter collectively referred to as "Defendants"), by and through their undersigned counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and specifically preserving the right to seek arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby submit this memorandum of law in support of their Motion for an Extension of Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery. In support of their motion, Defendants show unto the Court the following:

### I. INTRODUCTION

On or about September 8, 2005, Plaintiff commenced the present action by filing a complaint against Defendants in the Circuit Court of Macon County, Alabama, CV-05-176. It is of the type referred to by the plaintiffs' bar as a "flipping and packing" case, alleging certain

putative misconduct with respect to the refinancing of consumer loans and the sale of credit life, disability and/or property insurance in connection with those loans.  Specifically, Plaintiff alleges that the Defendants misrepresented the optional nature of credit insurance and the financial benefits of refinancing prior debt with respect to loans she obtained in 2002, 2003, and 2004.

This lawsuit is one of a number of boilerplate identical consumer finance suits recently filed by Plaintiff's counsel, including twelve in Alabama and twelve in Tennessee.[1]  These

---

[1] Defendants have removed all of the lawsuits in Alabama.  The state court styles of those matters are as follows:  <u>Joe T. Smith v. American International Group, Inc., et al.</u>, In the Circuit Court of Bullock County, Alabama, Civil Action Number:  CV-05-104; <u>Stephanie Mayberry v. American International Group, Inc., et al.</u>, In the Circuit Court of Macon County, Alabama, Civil Action Number:  CV-05-142; <u>Mary Cope v. American International Group, Inc., et al.</u>, In the Circuit Court of Macon County, Alabama, Civil Action Number:  CV-05-135; <u>Sandra Green v. American International Group, Inc., et al.</u>, In the Circuit Court of Sumter County, Alabama, Civil Action Number:  CV-05-48; <u>George Mason v. American International Group, Inc., et al.</u>, In the Circuit Court of Macon County, Alabama, Civil Action Number:  CV-05-137; <u>Bernice Poole-Reese v. American International Group, Inc., et al.</u>, In the Circuit Court of Macon County, Alabama, Civil Action Number:  CV-05-134; <u>James Poole v. American International Group, Inc., et al.</u>, In the Circuit Court of Macon County, Alabama, Civil Action Number: CV-05-133; <u>Willie Lee Poole v. American International Group, Inc., et al.</u>, In the Circuit Court of Montgomery County, Alabama, Civil Action Number: CV-05-1653; <u>Steve and Nancy Robinson v. American International Group, Inc., et al.</u>, In the Circuit Court of Perry County, Alabama, Civil Action Number: CV-05-51; <u>Tony and Dorothy Turner v. American International Group, Inc., et al.</u>, In the Circuit Court of Macon County, Alabama, Civil Action Number: CV-05-136; and <u>Edward Waller v. American International Group, Inc., et al.</u>, In the Circuit Court of Hale County, Alabama, Civil Action Number: CV-05-97.

Plaintiff's counsel has filed the following matters in Tennessee which defendants have removed or intend to remove:  <u>Richard Irby and Elizabeth Irby v. American International Group, et al.</u>, In the Circuit Court of Shelby County, Tennessee; Civil Action No. CI-004106-05; <u>Belinda Marshall v. American International Group Inc. aka AIG Insurance, et al.</u>; In the Circuit Court of Shelby County, Tennessee; CT-4287-05; <u>Regina Trezevant v. American International Group Inc. aka AIG Insurance, et al.</u>, In the Circuit Court of Shelby County, Tennessee; CT-4288-05; <u>Elmo Thomas v. American International Group Inc. aka AIG Insurance, et al.</u>, In the Circuit Court of Shelby County, Tennessee; CT-4290-05; <u>Roosevelt Walton v. American International Group Inc. aka AIG Insurance, et al.</u>, In the Circuit Court of Shelby County, Tennessee; CT-4292-05; <u>Sheila Upshaw v. American International Group Inc. aka AIG Insurance, et al.</u>, In the Circuit Court of Shelby County, Tennessee; CT-4293-05; <u>Gloria Garrett v. American International Group Inc. aka AIG Insurance, et al.</u>, In the Circuit Court of Shelby County, Tennessee; CT-4374-05; <u>O.M. Mason v. American International Group Inc. aka AIG Insurance, et al.</u>, In the Circuit Court of Shelby County, Tennessee; CT-4110-05; <u>Beauty</u>

complaints come on the heels of innumerable lawsuits Plaintiff's counsel has filed in Mississippi

over the past several years, involving thousands of plaintiffs, each making virtually identical

meritless claims and fraudulently joining non-diverse defendants.[2]    In fact, federal courts in

---

Robertson v. American International Group Inc. aka AIG Insurance, et al., In the Circuit Court of
Shelby County, Tennessee; CT-4105-05; Ruthie Sims and Curtis Sims v. American International
Group Inc. aka AIG Insurance, et al., In the Circuit Court of Shelby County, Tennessee; CT-
4109-05; Fannie Armstrong v. American International Group Inc. aka AIG Insurance, et al., In
the Circuit Court of Shelby County, Tennessee; CT-4576-05; and Walter Oliver and Mary Oliver
v. American International Group Inc. aka AIG Insurance, et al., In the Circuit Court of Shelby
County, Tennessee; CT-4574-05.

    As an example of the complaints filed in Tennessee, submitted herewith as Exhibit "A" is
a true and correct copy of the complaint filed in the lawsuit styled Beauty Robertson v. American
International Group Inc. aka AIG Insurance, et al., In the Circuit Court of Shelby County,
Tennessee; CT-4105-05. This complaint is word for word identical with the Complaint herein,
except for the names of certain parties. Defendants have, or will remove these cases, as well.

    [2] Plaintiff's counsel has filed the following seventeen matters in Mississippi, each with
multiple plaintiffs and virtually identical allegations: Dorothy Corbin, et al. v. American General
Financial Services, Inc., et al, In the Circuit Court of Washington County, Mississippi, Civil
Action Number: CI2004-216; Stonewall v. American General Finance, Inc., et al., In the Circuit
Court of Carroll County, Mississippi, Second Judicial District, Civil Action Number:  2004-
0011CV2L; Freddie Graham, et al. v. American International Group, Inc., et al., In the Circuit
Court of Bolivar County, Mississippi, First Judicial District, Civil Action Number:  2002-333;
Alice Brown, et al. v. American International Group, Inc., et al., In the Circuit Court of Leflore
County, Mississippi, Civil Action Number:  2002-0173-CICI; Doris Beaman, et al. v. American
International Group, Inc., et al., In the Circuit Court of Sunflower County, Mississippi, Civil
Action Number:  2002-0638-CI; Beatrice Jackson, et al. v. American International Group, Inc.,
et al., In the Circuit Court of Sunflower County, Mississippi; Civil Action Number:  2002-0640-
CI; Robert Beckley, Roger Daniels, Ginie Garth, Darlene Smith and Bruce Whitfield, v.
American General Financial Services, Inc., et al., In the Circuit Court of Washington County,
Mississippi, Civil Action Number:  CI2004-216; Marcia Pettis, et al. v. American General
Financial Services, Inc., et al.; In the Circuit Court of Washington County, Mississippi, Civil
Action Number:  CI2004-237; Delia Andrews v. American International Group, et al., In the
Circuit Court of Jones County, Mississippi, Laurel Division; Civil Action Number:  2004-194-
CV8; Greg Bennamon, et al. v. American International Group, Inc., In the Circuit Court of
Kemper County, Mississippi, Civil Action Number:  CV-2002-108; Brad Gatlin, et al. v.
American International Group, Inc., et al., In the Chancery Court of Jones County, Mississippi,
Laurel Division, Civil Action Number:  CV-2002-1026; Edward Morgan, et al. v. American
International Group, Inc., et al., In the Chancery Court of Jones County, Mississippi, Laurel
Division, Civil Action Number:  CV-2002-1029; George Washington, et al. v. American
International Group, Inc., et al., In the Circuit Court of Carroll County, Mississippi, Vaiden
Division, Civil Action Number:  CV-2002-0018-2V2M; Bernice Baker, et al. v. American

Mississippi, recognizing the attempt by the plaintiffs' bar to avoid proper diversity jurisdiction by fraudulently joining such defendants, have routinely denied remand and exercised diversity jurisdiction, ultimately rendering summary judgment for the defendant on the plaintiffs' claims.[3]

---

International Group, Inc., et al., In the Circuit Court of Washington County, Mississippi, Civil Action Number: CV-2002-405; Ora J. Bell v. American General Finance, Inc., et al., In the Circuit Court of Holmes County, Mississippi, Civil Action Number: 2002-0002; Frances Jones, et al. v. American International Group, Inc., et al., In the Circuit Court of Jones County, Mississippi, Civil Action Number: 2002-118-CV3; and Tommy Faye Jones, et al. v. American International Group, Inc., et al., In the Circuit Court Of Sunflower County, Mississippi, Civil Action Number: CV-2002-0156-CI.

Indeed, just recently, Plaintiff's counsel filed amended complaints in certain of these Mississippi lawsuits, including, *inter alia*, Doris Beaman, et al. v. American International Group, Inc., et al., In the Circuit Court of Sunflower County, Mississippi, Civil Action Number: 2002-0638-CI, and Willie T. Stonewall, et al. v. American International Group, Inc., et al., In the Circuit Court of Carroll County, Mississippi, Second Judicial District, Civil Action Number: 2004-0011-CV-2L. The allegations of those amended complaints mirror those in the one at hand. A sample of such an amended complaint, filed in the Beamon lawsuit, is attached hereto as Exhibit "B."

[3] The consumer finance lawsuits in Mississippi in which federal courts have denied remand, and in some of which the courts have already granted summary judgment for the defendants, include: Boone v. Citigroup, Inc., __ F.3d __, 2005 WL 1581091 (5th Cir. July 7, 2005); Ross v. Citifinancial, Inc., 344 F.3d 458 (5th Cir. 2003), r'hng en banc denied, Jan. 25, 2005 (nos. 02-60608 & 02-60609); Clark v. Commercial Credit Corp., __ F. Supp. 2d __, 2005 WL 428476 at *3 (S.D. Miss. Feb. 7, 2005); Lee Frye, et al. v. American General Finance, Inc., et al.; In the United States District Court; Southern District of Mississippi; Western Division; No. 5:02cv122BrS (S.D. Miss. Feb. 9, 2004); Queen v. American General Finance, Inc., 289 F. Supp. 2d 782 (S.D. Miss. 2003); Lott v. First Family Financial Servs., Inc., No. 2:02cv56PG (S.D. Miss July 11, 2003); Green v. American General Finance, Inc., 2003 WL 1191183 (S.D. Miss. March 7, 2003); Stacher v. American General Finance, Inc., 2003 WL 1191182 (S.D. Miss. March 7, 2003); Barnes v. First Franklin Finance Corp., No. 3:02cv1259LN (S.D. Miss. Mar. 31, 2003); Brown v. Citigroup, No. 2:02cv112PG (S.D. Miss. Mar. 21, 2003); Anderson v. First Family Financial Servs., Inc., No. 4:02cv55PB (N.D. Miss. Mar. 6, 2003); Bolden v. Kentucky Finance Co., No. 4:02cv98LN (S.D. Miss. Feb. 28, 2003); Walker v. City Finance Co., 2003 WL 554613 (N.D. Miss. Feb. 12, 2003); Benson v. City Finance Co., No. 1:02cv242DD, slip op. at 6 (N.D. Miss. Feb. 12, 2003); Conner v. First Family Financial Services, Inc., 2002 WL 31056778 (N.D. Miss. Aug. 28, 2002); Ross v. First Family Financial Services, Inc., 2002 WL 31059582, (N.D. Miss. Aug. 29, 2002); Strong v. First Family Fin. Services, Inc., 202 F. Supp. 2d 536 (S.D. Miss. 2002); Henley v. Pioneer Credit Co., 2002 WL 1013110 (N.D. Miss. Apr. 10, 2002); Harrison v. Commercial Credit Corp., 2002 WL 548281 (S.D. Miss. Mar. 29, 2002); Ellis v. Washington Mutual Finance Group, No. 4:01cv144-L-N (S.D. Miss. May 8, 2002); Cooley v. Washington Mutual Finance Group, 2002 WL 1768897 (S.D. Miss. July 29, 2002); Howard v.

In the present action, Plaintiff advances a variety of vague allegations designed to defeat Defendants' valid fraudulent joinder argument. (See Plaintiff's Complaint, ¶¶ 12-21). Specifically, Plaintiff asserts in her Complaint that the non-diverse Defendants, Patricia Porter ("Porter") and Alicia Robinson ("Robinson"), misrepresented that credit insurance was a "good deal" and that purchasing such insurance would improve her chances of being approved for the loan in question. (Plaintiff's Complaint, ¶¶ 12, 14). Moreover, Plaintiff alleges that the non-diverse Defendants misrepresented to her that refinancing prior loans would save her money. (Plaintiff's Complaint, ¶ 13). Based on these allegations, Plaintiff appears to assert the following individual causes of action with respect to loans she obtained in 2002, 2003, and 2004: (1) fraudulent misrepresentation; (2) negligent misrepresentation; (3) negligent and/or wanton hiring, training, and supervision; and (4) breach of fiduciary duty.

On or about October 17, 2005, Defendants removed the present action to this Court on diversity and federal question jurisdiction grounds under 28 U.S.C. 1331, 1332, and 1441. Defendants specifically demonstrated in their Notice of Removal that diversity jurisdiction exists in the present action because the amount in controversy exceeds $75,000 and because the only non-diverse Defendants, Porter and Robinson, have been fraudulently joined. Defendants also demonstrated that the present action necessarily involves substantial and disputed federal issues, and that, accordingly, this Court has embedded federal question jurisdiction. On or about November 16, 2005, Plaintiff filed a Motion to Remand arguing against the existence of diversity and federal question jurisdiction.

---

CitiFinancial, Inc., 195 F. Supp. 2d 811 (S.D. Miss. 2002); Ross v. CitiFinancial, Inc., 2002 WL 461567 (S.D. Miss. Mar. 18, 2002); Johnson v. CitiFinancial, Inc.; 5:01cv215BN (S.D. Miss. Mar. 8, 2002); Crockett v. CitiFinancial, Inc., 4:01cv172-MD (N.D. Miss. Feb. 28, 2002); and Carter v. Union Sec. Life Ins. Co., 148 F. Supp. 2d 734 (S.D. Miss. 2001).

## II. ARGUMENT

Defendants request additional time to respond to Plaintiff's Motion to Remand for the purpose of conducting remand-related discovery. As demonstrated in detail below, such discovery is necessary in order for Defendants to submit a fully informed response to Plaintiff's Motion to Remand. Indeed, absent discovery, it is difficult to ascertain the alleged facts supporting Plaintiff's claims, for the allegations in the Complaint are left intentionally vague, which Plaintiff undoubtedly hopes will save her Complaint from a finding that there is no possibility of recovery against the non-diverse Defendants, thereby avoiding the proper exercise by this Court of diversity jurisdiction. Defendants therefore need to conduct remand-related discovery to flesh out the facts and definitively show that Plaintiff has no possible cause of action against Porter and Robinson and, accordingly, that said Defendants have been fraudulently joined.

Similarly, discovery is also needed for Defendants to conclusively prove that Plaintiff's claim for damages exceeds $75,000 and, accordingly, that the jurisdictional amount in controversy requirement has been satisfied. Finally, remand-related discovery is necessary to demonstrate that Plaintiff's right to recover under her allegedly state law claims turns on, and involves, substantial questions of federal law and, accordingly, that this Court has embedded federal question jurisdiction. For these reasons and others, Defendant's Motion for an Extension of Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery is due to be granted.

### A.    Defendants Need to Conduct Remand-Related Discovery in Order to Properly Address the Issue of Fraudulent Joinder.

As demonstrated above and in their Notice of Removal, Defendants contend that there is complete diversity among the parties in the present action because Porter and Robinson, the only

non-diverse Defendants, have been fraudulently joined.  See Bullock v. United Benefit Ins. Co., 165 F.Supp.2d 1255, 1256 (M.D. Ala. 2001) ("When a defendant has been fraudulently joined, the court should disregard his or her citizenship for purposes of determining whether a case is removable based upon diversity jurisdiction.").  Fraudulent joinder exists where "there is no possibility that the Plaintiff can prove a cause of action against the resident (non-diverse) defendant."  Fowler v. Provident Life and Accident Insurance Co., 256 F.Supp.2d 1243, 1246 (N.D. Ala. 2003) (citing Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)).  Plaintiff cannot possibly prove a cause of action against Porter and Robinson because her claims against said Defendants are time-barred on their face by the applicable statute of limitations and/or fail as a matter of law.  Defendants, however, need to conduct remand-related discovery in order to substantiate these contentions and demonstrate that the non-diverse Defendants have been fraudulently joined in the present action.

> **1.    Defendants Need to Conduct Remand-Related Discovery In Order to Determine Which Loans are at Issue and Whether the Non-Diverse Defendants Were Involved in Said Loans.**

First and foremost, Defendants need to conduct remand-related discovery in order to determine exactly which loans Plaintiff places at issue.  As demonstrated above, Plaintiff alleges fraud with respect to loans she obtained in 2002, 2003, and 2004.  Plaintiff appears to have obtained several loans with American General, however, and this vague description severely compromises Defendant's ability to determine exactly which loans are at issue and whether there is any possibility of recovery against Porter and Robinson with respect to said loans.  Moreover, Defendants' records show that Porter was not involved with any 2002 or 2003 loans obtained by Plaintiff and that Robinson was not involved with any 2003 or 2004 loans obtained by Plaintiff.[4]

---

[4] In fact, Robinson has not been employed by American General since December of 2002. (See the Affidavit of Robert S. Ritter, attached hereto as Exhibit "C").

As such, Defendants not only need additional time to determine which loans are at issue, but also to determine whether the non-diverse Defendants were even involved with these loans. Given the significance of these determinations to the Court's remand analysis, Defendants should be granted additional time to conduct the necessary discovery.

      **2.    Defendants Need to Conduct Remand-Related Discovery in Order to Demonstrate that Plaintiff's Claims Against Alicia Robinson are Time-Barred by the Statute of Limitations.**

Plaintiff's records show that Alicia Robinson was not involved with any loans obtained by Plaintiff after 2002, a showing that is corroborated by the fact that Robinson has not been employed by American General since December of 2002. As such, all of Plaintiff's claims against Robinson are potentially time-barred by the applicable statute of limitations, which would necessitate a finding that Robinson was fraudulently joined in the present action. In fact, federal courts in Alabama have repeatedly found fraudulent joinder, and denied motions to remand, in virtually identical cases where the applicable statute of limitations bars all claims against a non-diverse defendant. See Owens v. Life Ins. Co. of Georgia, 289 F.Supp.2d 1319 (M.D. Ala. 2003); Fowler v. Provident Life and Accident Insurance Co., 256 F.Supp.2d 1243 (N.D. Ala. 2003); Bullock v. United Benefit Ins. Co., 165 F.Supp.2d 1255 (M.D. Ala. 2001); Wakeland v. Brown & Williamson Tobacco Corp., 996 F.Supp. 1213 (S.D. Ala. 1998).

In Owens, the most recent of these decisions, and a case remarkably similar to that at hand, the plaintiff brought an action in 2003 against an insurance company and a non-diverse individual defendant based upon alleged misrepresentations and/or omissions made by the individual defendant, as agent for the insurance company, with respect to a life insurance policy purchased in 1984. Owens, 289 F.Supp.2d at 1321. In conjunction with these allegations, the plaintiff asserted claims for breach of contract, fraud, and fraudulent suppression against both

defendants. Id. The defendants subsequently removed the case, arguing that complete diversity existed by virtue of the individual defendant's fraudulent joinder. Id. at 1321-23.

In addressing the propriety of removal, Judge Fuller found that the plaintiff was provided with documentation in 1984 that both contradicted the alleged oral misrepresentations and provided the information allegedly suppressed. Id. at 1326. Accordingly, the Court concluded that the plaintiff "should have discovered the possibility of fraud and misrepresentation in 1984 when he purchased the Policy, and the two year statute of limitations commenced running at that time." Id. Plaintiff's claims against the individual defendant were, therefore, found to be barred by the two year statute of limitations. Id. Because the statute of limitations precluded any possibility of establishing a cause of action against the individual defendant, the Court held that said defendant was, in fact, fraudulently joined and denied the plaintiff's motion to remand. Id.

As demonstrated above, fraud claims in the consumer finance context accrue, and the applicable statute of limitations begins to run, when the borrower receives documents putting him or her on notice of the alleged fraud. See id.; Ex parte American General Finance, Inc., 795 So. 2d 685, 689-91 (Ala. 2000) ("fraud is discoverable as a matter of law for purposes of the statute of limitations when one receives documents that would put one on such notice that the fraud reasonably should be discovered."). As such, the operative issue in any statute of limitations inquiry in the consumer fraud context, including the present action, is whether the plaintiff received documents that put him or her on notice of the alleged fraud, i.e., documents that would "'provoke inquiry in the mind of a [person] of reasonable prudence, and which, if followed up, would have led to the discovery of the fraud.'" Gilmore v. M & B Realty Co., L.L.C., et al., 895 So.2d 200, 209 (Ala. 2004)(quoting Auto-Owners Ins. Co. v. Abston, 822 So.2d 1187, 1195 (Ala. 2001)). If the plaintiff did receive such documentation, then his/her

fraud claims accrued, and the statute of limitations began to run, at the time said documents were received. See id.

Plaintiff's 2002 loans involving Robinson contain disclosures that would have provided notice of her fraud claims at the time the loan were obtained. (The Affidavit of Robert S. Ritter authenticating Plaintiff's loan documents is attached to Defendant's Motion as Exhibit "C"; a copy of Plaintiff's 2002 loan documents is attached to the Affidavit of Robert S. Ritter as Exhibit "C(1)."). Specifically, these 2002 loans disclose all of the relevant financial terms for the loans in question, including the amount financed, finance charge, total of payments, interest rate, amount of monthly payment, and total number of payments. (See Ex. C(1)). Plaintiff could have, and should have, easily used this information to ascertain whether refinancing prior loans was in her financial best interests. Similarly, Plaintiff's 2002 loan documents disclose the premiums for all insurance products purchased. (See id.). Plaintiff could have, and should have, easily used this information to ascertain whether purchasing Defendants' insurance products was, in fact, a "good deal."

With respect to the optional nature of credit insurance, Plaintiff's 2002 loan documents state:

> **CREDIT LIFE, DISABILITY, OR INVOLUNTARY UNEMPLOYMENT INSURANCE IS NOT REQUIRED TO OBTAIN CREDIT AND WILL NOT BE PROVIDED UNLESS I SIGN AND AGREE TO PAY THE ADDITIONAL COST.** I cannot be denied credit simply because I choose not to buy credit insurance.

(See Ex. C(1)(emphasis in original)). This disclosure should have put Plaintiff on notice that purchasing credit insurance would not necessarily improve her chances of obtaining the loans in question.

Given the above, as long as Plaintiff received her 2002 loan documents, which she would have in the ordinary course, then it is clear that said loan documents put her on notice her alleged fraud claims. See Gilmore, 895 So.2d at 209; Owens, 289 F.Supp.2d at 1326; Ex parte American General Finance, Inc., 795 So.2d at 689-91. To the extent Plaintiff alleges that her 2002 documents did not put her on notice of the alleged fraud, then Defendants are entitled to determine precisely the misrepresentations Plaintiff contends were made about the insurance, which is impossible to do from the Complaint. Accordingly, Defendants request additional time to conduct the necessary discovery regarding Plaintiff's receipt of documents putting her on notice of her fraud claims, and to clarify the vague allegations of Plaintiff's Complaint.

### 3. Defendants Need to Conduct Remand-Related Discovery in Order to Demonstrate that Plaintiff's Claims Against Both Pat Porter and Alicia Robinson Fail as a Matter of Law.

Fraudulent joinder also exists where the Plaintiff's claims against a non-diverse defendant fail as a matter of law. See Bullock v. United Benefit Ins. Co., 165 F.Supp.2d 1255 (M.D. Ala. 2001) (finding fraudulent joinder with respect to a breach of contract claim against a non-diverse defendant where said defendant was not a party to the contract in question); see also Levitt v. Independent Life And Acc. Ins. Co., 814 F.Supp. 1053 (M.D. Ala. 1993). With that said, the Alabama Supreme Court has specifically held fraud claims fail as a matter of law in the absence of a showing that the plaintiff "reasonably relied" on the alleged misrepresentations. See Foremost Ins. Co. v. Parham, 693 So.2d 409, 421 (Ala. 1997). "If the circumstances are such that a reasonably prudent person who exercised ordinary care would have discovered the true facts," then the plaintiffs' reliance on the alleged misrepresentations was not reasonable, and "the plaintiffs should not recover." Massey Automotive, Inc. v. Norris, 895 So.2d 215, 220 (Ala. 2004) (quoting Torres v. State Farm Fire & Casualty Co., 438 So.2d 757, 759 (Ala. 1983)).

As demonstrated earlier, Plaintiff's loan documents in the present action contradict at least some, if not all, of the non-diverse Defendants' alleged misrepresentations. (See Ex. C(1)). This fact alone strongly supports a finding that Plaintiff could not have reasonably relied on the non-diverse Defendants' alleged oral misrepresentations. However, Plaintiff correctly notes in her Motion to Remand that the issue of reliance also takes into account the mental capacity, educational background, and relative sophistication of the parties. As such, Defendants need to conduct remand-related in order to demonstrate that Plaintiff is sufficiently educated and sophisticated to be charged with knowledge of the disclosures in her loan documents and that, accordingly, she could not have reasonably relied on the non-diverse Defendants' alleged misrepresentations to the contrary. Given the significance of this determination to the reasonable reliance and fraudulent joinder inquiries, Defendants request additional time to conduct the necessary discovery.

**B.    Defendants Need to Conduct Remand-Related Discovery in Order to Properly Address the Amount in Controversy Issue.**

Defendants also need to conduct remand-related discovery in order to properly address the issue of the amount in controversy. Plaintiff alleges in her complaint that she has endured monetary damages, that "she has suffered mental anguish and emotional distress; and has otherwise been injured and damaged." (See Plaintiff's Complaint, at ¶ 25). Based on these alleged injuries, Plaintiff seeks a "judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs." (Id.)

Because Plaintiff has asked for an unspecified amount of damages, Defendants are only required to show that "the amount in controversy more likely than not exceeds the jurisdictional requirement." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996).

Defendants, however, need to conduct discovery concerning the extent of Plaintiff's vague injuries and the damages sought as a result thereof in order to conclusively demonstrate that "the amount in controversy more likely than not exceeds the jurisdictional requirement." Tapscott, 77 F.3d at 1357. Specifically, Defendants need to assess the magnitude of Plaintiff's alleged emotional/mental injuries and monetary damages. If permitted to do so, Defendants contend that plaintiffs with similar claims have sought damages in excess of $75,000. Moreover, Plaintiff should not be protected by an unspecified claim for damages. Rather, Defendants should be allowed to conduct discovery as to the amount of damages sought in the present action and whether Plaintiff would decline an award in excess of $75,000. If permitted to do so, Defendants contend that they will be able to affirmatively demonstrate that Plaintiff actually seeks damages in excess of the jurisdictional amount. Based on the foregoing, this Court should grant Defendants additional time to conduct remand-related discovery regarding the amount in controversy requirement.

## C.    Defendants Need to Conduct Remand-Related Discovery in Order to Properly Address the Issue of Embedded Federal Question Jurisdiction.

Finally, Defendants need to conduct remand-related discovery in order to properly address the issue of embedded federal question jurisdiction. Plaintiff alleges in her complaint that her "claims are brought solely under Alabama law." (Plaintiff's Complaint, at ¶ 11). Her claims, however, are saturated with allegations involving consumer lending practices -- an area heavily regulated by federal law.

The Supreme Court has recently confirmed the existence of embedded federal question jurisdiction under 28 U.S.C. § 1331 in such instances where supposed state law causes of action necessarily involve a substantial and disputed federal issue. See Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,    --- U.S. ----, 125 S.Ct. 2363 (2005). In light of

Grable and the aforementioned vagueness of Plaintiff's complaint, Defendants need to conduct remand-related discovery regarding Plaintiff's claims in order to definitively demonstrate that said claims necessarily involve substantial and disputed federal issues. As such, Defendants motion for extension of time is due to be granted.

### III. CONCLUSION

Based on the foregoing, Defendants' Motion for an Extension of Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery is due to be granted.

Respectfully submitted,

_____
Robert H. Rutherford (RUT002)
David A. Elliott (ELL027)
Matthew T. Mitchell (MIT050)

Attorneys for Defendants

**OF COUNSEL:**

**BURR & FORMAN LLP**
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that on November $\underline{21}$, 2005, I electronically filed the foregoing Memorandum of Law in Support of Defendants' Motion for Additional Time to Respond to Plaintiffs' Motion to Remand for the Purpose of Conducting Remand-Related Discovery with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Jere L. Beasley, Thomas J. Methvin, C. Lance Gould, Thomas Julian Butler, David A. Elliott, Robert H. Rutherford, Jeffrey M. Grantham, and John Thomas Aquina Malatesta.

_____
OF COUNSEL