IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **JESSIE MAE DAVIS,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| | )Civil Action No. |
| | )3:05-cv-00995-MHT-CSC |
| | ) |
| **AMERICAN INTERNATIONAL** | ) |
| **GROUP, INC.; et al.,** | ) |
| | ) |
|    **Defendants.** | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS
AMERICAN INTERNATIONAL GROUP, INC.
AND AMERICAN GENERAL CORPORATION'S
MOTION TO DISMISS**

COMES NOW the Plaintiff, submits this Response to Defendant American International Group, Inc. ("AIG") and Defendant American General Corporation's ("AGC") (hereinafter collectively "Defendants") Motion to Dismiss, and would state as follows:

**STATEMENT OF FACTS**

Plaintiff is an Alabama resident who entered into several loans with Defendants' subsidiaries, where, by fraudulent misrepresentation, was coaxed into purchasing unnecessary credit life insurance and refinancing existing loans. As detailed from Defendant American General Corporation's (AGC) own website with their "2,500 employees and customer service centers across the country" they provide services for their customers throughout the United States, and "American General Financial Services,

a member of American International Group, Inc., provides loans, retail financing and other credit related products to more than two million families in 45 states, Puerto Rico and the U.S. Virgin Islands."[1]  By Defendant AIG's own admission they are "[American International Group, Inc. (AIG),] world leaders in insurance and financial services, are the leading international insurance organization with operations in more than 130 countries and jurisdictions. AIG companies serve commercial, institutional and individual customers through the most extensive worldwide property-casualty and life insurance networks of any insurer…. AIG's growing global consumer finance business is led in the United States by American General Finance."[2]  Also detailed from the AIG website, through a link marked "Important Legal Information about AIG American General", AGC states "AIG American General is the marketing name for the insurance companies and affiliates of American International Group, Inc. that comprise its domestic life insurance operations."[3]  As outlined on Defendant American International Group, Inc.'s (AIG) own Form 10-K, a holding company, through its subsidiaries, is engaged in a broad range of insurance and insurance-related activities in the United States and abroad.

Defendant AIG conducts financial service operations through American General Finance, Inc. ("AGF") and its subsidiaries.  AIG is the sole shareholder, alter ego and parent company of AGC.  AGC wholly owns AGF, which, is the sole shareholder and alter ego of American General Finance Corporation ("AGFC") and American General Financial Services of Alabama, Inc.  AGFC is the immediate parent company for named

---

[1] *AIG American General at* http://www.aigag.com/life/life.nsf/contents/aboutus_whyaigag (last visited Sept. 16, 2005) and *American General Financial Services at* http://www.agfinance.com/aboutUs/ (last visited Sept. 16, 2005)
[2] *American International Group at* http://www.aig.com/gateway/aboutaig/1-70-0-0-5-index.htm (last visited Sept. 16, 2005)
[3] *AIG American General* http://www.aigag.com/life/life.nsf/contents/aigag_footnote (last visited Sept. 16, 2005)

defendants Merit Life Insurance Company ("Merit Life") and Yosemite Insurance Company ("Yosemite"). How can Defendants represent to this Court they have no ties to the state of Alabama when they have over 1,400 locations across the country, including numerous locations in the state of Alabama. Plaintiffs respectfully submit, that to represent such information to the Court is merely an effort to deceive.

In light of these facts, Defendants AIG and AGC cannot seriously maintain their activities and control of subsidiaries does not subject them to personal jurisdiction in the State of Alabama for the matters alleged in the Complaint.

## **ARGUMENT**

Defendants AIG and AGC both contend they lack minimum contacts with the state of Alabama to be haled into court here. Defendants also contend they have no minimum contacts with the State of Alabama and this is much less than the requisite minimum contacts required to confer personal jurisdiction, that they have never maintained a corporate presence in Alabama, and do not conduct or transact business in Alabama. Plaintiff respectfully submits this is exactly what both AIG and AGC do through the actions of their admitted wholly owned subsidiaries.

Propriety of assertion of personal jurisdiction is analyzed through a two-step inquiry: first, the court determines whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute, and second, the court examines whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment, which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. <u>Horizon Aggressive Growth</u>

v. Rothstein-Kass, WL 2008995 (11th Cir. Aug. 23, 2005). Whether a party has sufficient contacts with a state [Alabama], such that maintenance of action in the state against that party does not offend concepts of reasonableness and fair play is determined according to the facts of a party's particular case. Martin v. Robbins, 628 So. 2d 614, 617 (Ala. 1993). The State of Alabama's long arm statute is Alabama Civil Procedure Rule 4.2 (b):

> An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States; or, the person or entity is sued in the capacity of guardian of a ward, or executor, administrator, or other personal representative of an estate, for the acts or omissions of a decedent or ward, and the person or entity so sued does not otherwise have sufficient contacts with this state in that capacity, but the decedent or ward would have been deemed to have sufficient contacts with this state if the action could have been maintained against the decedent or ward.

Rule 4.2 (b) A.R.Civ.P. The catchall provision of Alabama's long-arm rule extends the jurisdiction of the state's courts to the permissible limits of due process. Ex parte Dill, Dill, Carr, Stonbraker & Hutchings, P.C., 866 So.2d 519 (Ala. 2003).

The Alabama long arm statute neither broadens nor expands the United States Constitution or the 14th Amendment of Due Process, therefore only one analysis is necessary in determining if minimum contacts are present in order to hale an out of state defendant into the state of Alabama. Where a forum seeks to assert personal jurisdiction over a nonresident defendant, due process requires the defendant have "fair warning" that a particular activity may subject him to the jurisdiction of a foreign sovereign. Burger

4

King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). The Defendants had fair warning that the particular activity of being the parent company of subsidiaries that do business in the state of Alabama is sufficient to give notice one may be subject to being sued in that venue. A physical presence in Alabama is not a prerequisite to personal jurisdiction over a nonresident. Sieber v. Campbell, 810 So. 2d 641, 644 (Ala. 2001). What *is* required, however, is that the defendant have such contacts with Alabama that it "should reasonably anticipate being haled into court [here].' " Dillon Equities v. Palmer & Cay, Inc., 501 So.2d 459, 462 (Ala.1986) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). As stated above, Defendants contacts with Alabama are sufficient notice that they may be sued in Alabama.

In this case, it is admittedly so that AIG is the parent company and conducts its financial services through AGF and its subsidiaries. Defendants contend they have no minimum contacts with the state of Alabama, but with the financial services of the corporation being done by American General Financial Services of Alabama, Inc., Defendants do have contacts with the state of Alabama sufficient to allow them to have fair warning this particular activity of fraud and misrepresentation would make them subject to being sued in this venue. Defendants repeatedly contend they have no physical address, mailing address, bank account or telephone listing in the state of Alabama, but physical presence in the state is not a prerequisite to being sued in this venue. Defendants should reasonably anticipate being haled into court in Alabama because of the business they conduct here, through the actions of their subsidiaries, and the advertisement available to Alabama residents available through different means; telephone calls, internet access, and television commercials. Defendants freely accept

5

profits from Alabama residents but in turn attempt to avoid jurisdiction of Alabama Courts.

Defendants quote "except in extremely unusual circumstances that are not present here, personal jurisdiction *cannot* be established over a parent company on the basis of the acts of its subsidiaries" and cites to Ex parte AmSouth Bank, 669 So.2d 154, 156 (Ala. 1995). Nowhere in Ex Parte Amsouth is this reference made or law provided and this is the only primary law cited to in the defenses argument for why a parent company should not be bound by the actions of the subsidiary. This case states, while directors, officers, and shareholders are generally not individually liable for the actions of a corporation, separate legal existence will **not** be recognized when the corporation is so organized and controlled and its business is conducted in such manner as to make it merely an instrumentality of another, or when it is the alter ego of a person owning and controlling it. *Id.* (*emphasis added*). The Defendants, by there own Form 10-K, state their financial service operations are conducted primarily through AGF, a company with locations, agents, employees and customers in the State of Alabama. The relationship between a corporate defendant and the forum must be such that it is reasonable to require a corporation to defend a particular suit where it is brought. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980). A physical presence in Alabama is not a prerequisite to personal jurisdiction over a nonresident; what is required, however, is that the defendant have such contacts with Alabama that it should reasonably anticipate being haled into court here. Ex parte Dill, Dill, Carr, Stonbraker & Hutchings, P.C., 866 So.2d 519 (Ala. 2003). The relationship in existence between Defendants and the State of Alabama is a reasonable relationship considering the admission by Defendants in their

6

corporate structure and how they knowingly have business being conducted in the State of Alabama, and this gives rise to the anticipation of being haled into court in Alabama.

Depending on the quality and quantity of the contacts, personal jurisdiction over a nonresident may be either general or specific. "General jurisdiction" applies where a nonresident defendant's activities in the forum state are substantial or continuous and systematic, regardless of whether those activities gave rise to the lawsuit. A court has "specific jurisdiction" when a nonresident defendant has had few contacts with the forum state, but those contacts gave rise to the lawsuit. Ex parte Dill, Dill, Carr, Stonbraker & Hutchings, P.C., 866 So.2d 519 (Ala. 2003).

General jurisdiction is achieved by the continuous activities of the Defendants subsidiaries in making loans and the systematic standard form contract business that is conducted. Defendants continually profit from their subsidiaries activities in Alabama. When specific personal jurisdiction is the basis for adjudication of claims against an out-of-state defendant, due process requires a clear, firm nexus between the acts of the defendant and the consequences complained of in order to establish the necessary contacts. Id. A firm nexus that has been established is the act of the Defendants knowingly participating in the financial services of its company, being rendered in the state of Alabama, by a subsidiary, in the making of loans. These loans issued are the basis of the complaint, in that the customer had fraudulent statements and misrepresentations made to them in the course of business causing a loss in money and unwanted insurance policies. The effects test for specific personal jurisdiction presupposes a foreseeable injury to an identified, or identifiable, plaintiff. Id. Specific personal jurisdiction requires few contacts with the forum state, so long as, those contacts

gave rise to the lawsuit. Plaintiff contends the contacts with the forum state are the subsidiaries of Defendants and the subsidiaries actions. There is no other way than to construe these contacts as the ones that give rise to the lawsuit considering all fraudulent activity occurred in the office of a direct subsidiary of Defendants located on the State of Alabama.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion to Dismiss.

/s/ C. Lance Gould
C. LANCE GOULD (GOU007)
Attorney for Plaintiff

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Attorneys at Law
Post Office Box 4160
Montgomery, AL  36103-4160
(334) 269-2343
(334) 954-7555 (fax)

**CERTIFICATE OF SERVICE**

       I hereby certify that on this the 5th day of December 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

       /s/ Charles Lance Gould
       OF COUNSEL

**Jeffrey M. Grantham**
**John Thomas Aquina Malatesta, III**
**Thomas Julian Butler**
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618
205-254-1035
Fax: 205-254-1999

**David Alan Elliott**
**Matthew Thomas Mitchell**
**Robert Howard Rutherford**
Burr & Forman LLP
420 North Twentieth Street
Suite 3100
Birmingham, AL 35203
205-251-3000
Fax: 205-458-5631